JULIUS HANDLEMAN, DOING BUSINESS AS THE IMPROVED SPONGING AND EXAMINING COMPANY, RESPONDENT, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, APPELLANT.*—18 S. W. (2d) 532.

St. Louis Court of Appeals. Opinion filed June 21, 1929.

*Corpus Juris-Cyc References: Burglary and Theft Insurance, 9CJ, section 7, p. 1097, n. 27; section 14, p. 1099, n. 70; Contracts, 13CJ, section 485, p. 525, n. 37.

*Casper S. Yost, Jr.*, and *Hensley, Allen & Marsalek* for appellant.

*L. B. Sher* and *Abbott, Fauntleroy, Cullen & Edwards* for respondent.

BECKER, J.—Plaintiff's action is based upon a policy of burglary insurance issued by defendant company. The trial resulted in a verdict and judgment in plaintiff's favor for $1224.91, the full amount set up in plaintiff's petition as plaintiff's loss under the policy, $557.31 interest, one dollar damages for vexations delay, and $300 as attorneys' fees, making a total of $2083.22. After unavailing motion for new trial defendant appeals.

Plaintiff conducted a business of sponging and measuring cloth for manufacturers. The character of the business was such that at all times he had on hand bolts of goods belonging to various customers and he carried insurance against the theft thereof, being insured in the sum of $3000 under policy issued by the Fidelity & Deposit Company of Maryland, and a policy of the defendant for "excess and not contributing insurance" in the sum of $7000 for loss by burglary, which said policy is the one herein sued on and

carries the following endorsements which are the subject of consideration of this appeal.

"In consideration of the reduced premium charged for the policy to which this endorsement is attached, such policy is issued and accepted:

"1. As excess and not contributing insurance and shall apply and cover only after all other insurance herein referred to shall have been exhausted in the payment of claims to the full amount of the expressed limits of such other insurance.

"2. Upon the further condition, that, if the assured shall fail to carry other insurance against loss or damage of the kind covered hereby in the amount of at least three thousand dollars ($3000) at all times, while the policy to which this endorsement is attached is in force, then the insurance hereunder shall be null and void:
. . ."

On June 5, 1920, when both mentioned policies were in effect, plaintiff suffered a loss by burglary in the alleged sum of $4224.91. It is admitted that plaintiff notified defendant in this case of his alleged loss in the sum of $4269.89, and demanded of defendant $1269.89, and that the defendant refused to pay. As to the policy issued by the Fidelity & Deposit Company of Maryland, all that appears from the record in this case is that plaintiff, on cross-examination, admitted that a photastatic copy of an alleged original receipt produced at the trial by the defendant was a correct copy of the receipt executed by plaintiff at the time plaintiff settled his suit against the Fidelity & Deposit Company of Maryland, and that the date on which plaintiff settled his said suit was June 10, 1927. However when defendant later on offered the receipt in evidence, the objection of counsel for defendant to its introduction was sustained, so that the basis of the suit on the terms of the settlement made by plaintiff with the Fidelity & Deposit Company of Maryland nowhere appears. In other words, this record is barren of any evidence as to whether or not the insurance held by plaintiff in the Fidelity & Deposit Company of Maryland had "been exhausted in the payment of claims to the full amount of the expressed limits thereof."

In this state of the record it is here argued that the action of the trial court in overruling defendant's demurrer offered at the close of the case is error prejudicial to the rights of the defendant. In support of this contention appellant argues that since plaintiff failed to prove that the said policy issued by the Fidelity & Deposit Company of Maryland had been "exhausted in the payment of claims to the full amount of the expressed limits" thereof, plaintiff failed to make out a case showing any liability under the terms of the policy of defendant herein sued on. After due consideration we have concluded the point is well taken.

It is our view, and we so rule, that under the terms of the policy, the burden of proof was on plaintiff to show that insurance in the Fidelity & Deposit Company of Maryland had been "exhausted in the payment of claims to the full amount" $3000 "the expressed limits" thereof, as a condition precedent to liability on the part of the defendant company on the policy herein sued on. In this connection we note that plaintiff, in his second amended petition upon which the case went to trial, among other things specifically alleges that plaintiff was insured in the sum of $3000 under a policy issued by the Fidelity & Deposit Company of Maryland; that said policy was in full force and effect when his said loss occurred; that his total loss is $4224.91; that the said Fidelity & Deposit Company of Maryland is liable to him for the sum of $3000 and interest, and the defendant is liable to him for the excess of his loss, to-wit, $1224.91, and *that said Fidelity & Deposit Company of Maryland has not paid the sum of $3000 and interest, and plaintiff was compelled to sue said company, and he has sued it and said suit is now pending against said company; and that plaintiff was compelled to and has sued both companies in order to recover what is justly due him for each of them;* that immediately after the burglary "he gave notice of said loss to defendant and delivered to said defendant a particular account of said loss together with certain proofs of the same as required by the terms of said policy, and thereafter made claim of defendant for $1224.91, his loss under said policy, and demanded of defendant payment thereof, and defendant then and there disclaimed all liability under said policy and vexatiously refused to pay same; *and that the plaintiff has performed all the conditions on his part to be done and performed by the terms of said policy.*"

The defendant's answer admits the issuance of the policy and notice given by plaintiff of an alleged loss of $4262.89, and a demand for $1269.89, and that payment has not been made to plaintiff of the amount so demanded, but denies an indebtedness to plaintiff in the sum of $1269.89, or any other sum, or that it has vexatiously refused to pay, or has wrongfully disclaimed liability, and denies that "under the terms of said policy, and the application therefor, all of which constituted the contract between plaintiff and this defendant, it ever becomes obligated in any manner whatever upon said policy or contract," and denies "liability of any kind or character ever accrued against the defendant upon said policy," and then as a further defense sets up that there was attached to and a part of the policy herein sued on the "conditions" which we have enumerated supra; and avers the fact to be that at the time of the alleged loss plaintiff held a policy of insurance in full force and effect in the sum of $3000 in the Fidelity & Deposit Company of Maryland covering the first $3000 of any alleged loss sustained by the plaintiff,

and *states that the expressed limits of said policy, to-wit*, $3000 *and no part thereof has been exhausted in the payment of this alleged loss, but to the contrary it has been adjudicated that the plaintiff herein could not recover anything from the said Fidelity & Deposit Company of Maryland on account of this alleged loss.*

To this second amended answer of the defendant, plaintiff filed a reply denying each and every allegation therein contained. The pleadings thus made an issue upon the question of whether the said policy issued by the Fidelity & Deposit Company of Maryland "had been exhausted in the payment of claims to the full amount of the expressed limits thereof."

An examination of the record discloses that plaintiff, despite the pleadings as set out above, insisted upon trying his case below upon the theory that even though defendant's policy is for excess non-contributing insurance, it is not subject to the limitations pleaded. The court adopted this theory of the case over objection of defendant, as appears from a reading of plaintiff's instruction numbered one which covers the entire case and directs a verdict. The said instruction is based upon a predicate for liability that if the jury find the value of the goods taken from plaintiff's store by burglary exceeds $3000 they will return a verdict for plaintiff and assess the amount of his recovery on the policy at such sum as they believe equals the fair cash value of the property in excess of $3000, if any, taken from plaintiff's store at the time of the burglary, if they find there was a burglary, not exceeding, however, the amount claimed in the petition, to-wit, $1224.91.

This theory of the case in our view is not in accordance with the law. The policy sued on was issued and accepted subject to the express provision that it should recover and apply only after the prior $3000 policy was *exhausted in the payment of claims to the full amount of the expressed limits thereof,* and in our view this provision is a condition precedent. Its terms are plain and unambiguous and must be enforced as written. And this is true though quite often the courts have gone far in the scope of judicial interpretation in aid of an insured. While it is the duty of courts in proper cases to construe the contracts of the parties, yet they have no power to construct a new contract for them, nor is the reason which moved the parties to write the contract as they did material. [State ex rel. v. Trimble, 297 Mo. 659, 249 S. W. 902, loc. cit. 905; State ex rel. v. Ellison, 269 Mo. 410, 190 S. W. 879; Bothman v. Met. Life Ins. Co. (Mo. App.), 231 S. W. 1007, loc. cit. 1011; Ransford v. Nat'l. Prot. Ins. Assn., 16 S. W. 663.]

We have not been cited any cases in this State which deal directly on the point in question, nor has our own investigation disclosed any, yet there is a case which by analogy tends to support our ruling that

the provision in question in this policy, which requires that the primary insurance must be exhausted before liability attaches to the excess policy, is legal and enforceable and defeats an action on the excess policy until such condition is fulfilled. [Wilson Co. v. Hartford Fire Ins. Co., 300 Mo. 1, loc. cit. 54, 254 S. W. 266.]

In the Wilson Company case, supra, our Supreme Court construed a policy containing a somewhat similar provision as that under discussion here. It appears in that case that the Hartford Fire Insurance Company had issued a policy to the Kansas City Live Stock Exchange protecting members of the exchange and others against loss by fire to live stock that might be located on the premises of the exchange. The provision in that policy provided that ''it is specifically understood and agreed that if there be any specific insurance on the live stock as above described, then this policy shall apply only after such specific insurance is exhausted.'' Wilson Company, plaintiff, brought suit against the Hartford Company to recover for the loss by fire of certain live stock included within the terms of this policy. One of the defenses set up by the insurance company, defendant, was that Wilson Company, at the time of the fire, held a policy issued by the Globe & Rutgers Fire Insurance Company covering the live stock destroyed in the fire for a sufficient amount to pay the loss. One of the terms of the Globe & Rutgers policy was as follows: ''It is also specifically understood and agreed that this insurance shall be considered surplus insurance where any specific insurance exists on any of the property hereby insured, and this insurance shall not apply or contribute until the amount collectible from all such specific insurance shall have been exhausted.'' Our Supreme Court held that the Globe & Rutgers policy was a blanket or floating policy and that the policy of the defendant was specific in its description of the property insured, and held that since there could be no recovery upon the Globe & Rutgers blanket policy until the insurance of the Hartford Company had been exhausted, the existence of the blanket policy was no defense to the suit, the court using the following language: ''Appellant's policy constitutes specific insurance. The Globe & Rutgers policy does not. Therefore until the insurance contracted to be paid in the former is exhausted, the latter can have no application in so far as it may affect the binding force or manner of payment of the appellant's obligation.''

It may be well to state, however, that though we rule that the provision in the policy requiring that the specific insurance be exhausted in the payment of claims to the full amount of the expressed limits thereof is a valid provision in the nature of a condition precedent to any liability thereunder, yet we cannot agree with the contention of the appellant that under said clause plaintiff, as one of the predicates for liability on the part of the defendant, must prove that

he has actually collected $3000 in cash, the full face of the primary policy of insurance. Such suggested construction is harsh and unreasonable and particularly so in light of the fact that so to hold would be of no rational advantage to the insurer. Such condition is complied with when the insured proves that claims aggregating the full amount of the specific policy have been settled thereunder and full liability of the insurer discharged. As was ruled in the case of Zeig v. Mass. Bonding & Ins. Co., 23 Fed. (2d) 665, in construing an identical provision in an insurance policy, "there is no need of interpreting the word 'payment' as one relating to payment in cash. It often is used as meaning the satisfaction of a claim by compromise, or any other way. To render the policy in suit applicable, claims had to be and were satisfied and paid to the full limit of the primary policies. Only such portion of the loss as exceeded, not the cash settlement, but the limits of these policies, is covered by the excess policy."

If, therefore, plaintiff (as may well be the case as is made to appear from the photostatic copy of a receipt given by plaintiff in the settlement of his claim against the Fidelity & Deposit Company of Maryland, which receipt, however, though offered on the part of the defendant was not permitted in evidence) can show that he compromised his claims for an alleged loss in an amount equal to the full expressed limit, under said primary policy against the Fidelity & Deposit Company of Maryland, and that such compromise was a settlement in full of any and all liability on the part of said company under said policy and left no further insurance therein in effect, then plaintiff must be held to have fully met such said condition precedent.

In light of the construction of the provision in the policy as above set out, it follows that the plaintiff failed to make out a case under the policy and that the demurrer offered at the close of the case should have been sustained. The judgment is accordingly reversed and the cause remanded. *Haid, P. J.,* and *Nipper, J.,* concur.