**STATE of Missouri, ex rel., Carrie R. SAGO, By and Through Her Next Friend, Janis SAGO, Relator,**

v.

**The Honorable Emmett O'BRIEN, Respondent.**

No. 60972.

Missouri Court of Appeals, Eastern District, Writ Division One.

March 24, 1992.

Rehearing Denied April 22, 1992.

Godfrey P. Padberg, James P. Leonard, St. Louis, for relator.

K. Steven Jones, E. Thomas Liese, Joseph M. Kortenhof, St. Louis, for respondent.

PUDLOWSKI, Judge.

This is an action in prohibition to restrain the respondent circuit judge from issuing an order of a separate trial in a combined tort and contract action pending in the Circuit Court of St. Louis County.

The underlying action is based on negligence for the personal injuries suffered by relator in an accident involving two automobiles. Relator initially brought suit against the two drivers, defendants Seeker and Lechner. Subsequently, she amended her petition to join State Farm Mutual (hereinafter State Farm) based on "underinsured" motorist coverage contained in her automobile insurance policy. Seeker and Lechner are also insured by State Farm.

State Farm filed a motion to dismiss relator's claim on the basis that it was premature, or in the alternative, moved that relator's claim based on the "underinsured" motorist coverage be severed from the tort action. Respondent denied the request for dismissal but issued an order granting separate trials. Relator filed a Writ of Prohibition on October 23, 1991. On November 21, 1991, we entered a preliminary order in prohibition.

■ Missouri Supreme Court Rule 66.02 grants the trial court broad authority to order separate trials. At the court's discretion, separate trials may be ordered for reasons of convenience, to avoid prejudice or for reasons of judicial economy. Any decision to grant a separate trial will not be disturbed unless this discretion is abused. *B–W Acceptance Corp. v. Benack*, 423 S.W.2d 215, 217 (Mo.App.1967).

■ Further, it is presumed that a discretionary ruling is correct. *Anderson v. Robertson*, 402 S.W.2d 589, 595 (Mo.App. 1966). Judicial discretion will be found to be abused only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice. *Anderson, Id.* at 593.

■ Respondent argues that its motion falls within the scope of Rule 66.02. Respondent first claims that prejudice would be interjected in the underlying action if the insurance contract coverage was an issue in the case, and, secondly that relator's demand for recovery under the underinsured clause is premature. We need not address respondent's first claim since we believe the relator's claim under the underinsured clause is premature.

Under the terms of the insurance contract State Farm is obligated to pay damages after the insured meets three conditions. The insured must demonstrate that she has received bodily injuries, that the injuries occurred as a result of an incident involving an underinsured vehicle and that she is "legally entitled" to collect from the owner of the underinsured vehicle. Implicit in the last of these three conditions is some determination, judicially enforceable, that defendant or defendants are liable and that the agreed or adjudicated damages exceed the limits of the defendants' liability insurance policy. In fact, the State Farm contract explicitly anticipates a prior determination of liability and damages where it states that:

THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF *JUDGMENTS OR SETTLEMENTS.*

These conditions can only be met if there is a prior determination of damages and these damages exceed the limits of the existing liability coverages.

■ Relator argues that other language in the contract raises doubt as to State Farm's meaning. Specifically, Relator notes verbiage which states: "We [State Farm] are not bound by any judgment against any person or organization obtained without our written consent." Relator contends that this clause requires a

second trial and as a result, the relator would incur excessive litigation costs, delay in the finality of the claim and a duplication of the identical evidence in the tort action. To allay the concern of the relator, counsel for State Farm assured the court in oral argument that under the facts of this case, State Farm would accept the judgment in the underlying tort case. He further asserted that such provision was designed to avoid a situation where it would be bound by a non-adjudicated disposition. Although we accept counsel's judicial admission we believe that the principle of issue preclusion would bar respondent from seeking an additional trial to determine liability and damages.

The doctrine of issue preclusion, previously called collateral estoppel, is a judicially created device which prevents a party from having more than one opportunity to litigate an issue against the same or similar parties. There are four major components to the doctrine of issue preclusion. First, the issue in the second action must be identical to the issue decided in the first action. *Sunshine Realty Corp. v. Killian*, 702 S.W.2d 95, 98 (Mo.App.1985). Second, the first trial must have proceeded to judgment on the merits. *Id.* Third, the litigation must be between the same or similar parties. *Id.* 98–99. Finally, the party against whom collateral estoppel is asserted had full and fair opportunity to litigate the issue in the previous lawsuit. *Id.* at 99.

The issues of damages and liability would clearly meet this standard in the case sub judice. First, there is no question that the liability and damages issue would be identical in a second trial. Second, we are operating under Relator's scenario which requires full litigation in the initial trial. Third, as demonstrated by Relator's joinder, the parties as to these issues are sufficiently similar. Finally, State Farm has had fair opportunity to litigate the issue in question and has chosen not to enter the original judgment.

Since the severance was within the discretion of the respondent the joining of State Farm to the underlying tort action was premature and we find that relator has

not established that the discretion was abused. We determine that the temporary writ of prohibition was improvidently granted. That writ is quashed and the request for a permanent order in prohibition is denied.

SIMON, P.J., and KAROHL, J., concur.