Nancy LEWIS, Plaintiff/Appellant,

v.

**STATE FARM AUTOMOBILE
INSURANCE COMPANY,**
Defendant/Respondent.

No. 61073.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 23, 1992.

Henry B. Robertson, St. Louis, for plaintiff/appellant.

Ben Ely, Jr., St. Louis, for defendant/respondent.

GRIMM, Presiding Judge.

In this summary judgment action, we are required to reverse and remand because of the confusing state of the record. As a result, we do not reach the question ruled by the trial court concerning the applicability of an "exhaustion" clause in an underinsured motorists provision.

## I. Background

■ We review the facts in the light most favorable to the party against whom summary judgment was entered. *Krombach v. Mayflower Ins. Co.*, 785 S.W.2d 728, 729 (Mo.App.E.D.1990).

Plaintiff's petition alleges she was injured in an automobile collision which occurred on January 19, 1988. She received settlements from two defendants. Plaintiff then sued State Farm claiming underinsured motorists coverage under policy number 334–90*1*–6E–0525*D*.

Defendant moved for summary judgment. It alleged plaintiff's claim was barred by an exhaustion clause in a policy. No policy number was referred to in the motion. However, attached to this motion was an affidavit from defendant's operations superintendent. He said policy number 334 90*7*6–E05–25*A* "was in effect on the accident date of July 22, 1988."

Thereafter, defendant filed an amended summary judgment motion. This motion refers to a January 19, 1988 accident date. Although defendant's amended motion acknowledges it issued a policy, the policy number was not indicated. Thus, from the summary judgment motion, we are unable to determine whether there is only one policy and the different numbers are typographical errors, or whether two policies exist.

The parties filed a stipulation adding two documents to the legal file. One is an amendment to answers to interrogatories, the other is a copy of policy number 334 9076–E05–25A. The parties stipulated that these documents are a part of the legal file and were relied upon by the trial court. However, the stipulation is silent concerning the policy sued upon, number 334–901–6E–0525D.

## II. Insufficiency of the Record to Support Summary Judgment

■ "[A] motion for summary judgment shall be sustained if the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Rule 74.04(c)." *Krombach,* 785 S.W.2d at 729. The record before us does not support summary judgment.

Notwithstanding the affidavit of the operations superintendent, both parties agree the accident occurred January 19, 1988. Plaintiff alleges in her petition that at the time of the accident she was covered by policy # 0525D. Unfortunately, a copy of that policy is not in the legal file furnished us, nor does the record before us affirmatively show that policy # 0525*D* does not exist.

Defendant, however, relies on an exhaustion clause found in policy # 0525A to bar coverage. Defendant has provided an affidavit stating policy # 0525A was issued and in effect on July 22, 1988. A declaration page attached to the affidavit shows the policy covered a period from August 8, 1983 to November 5, 1983. Defendant has failed to prove policy # 0525A was in effect on the date of plaintiff's accident, January 19, 1988. Moreover, nothing in the record establishes what policy provisions concerning exhaustion, if any, were in effect on the date of the accident.

Due to the state of the record, we are unable to reach the point raised in this appeal. The trial court's judgment is reversed and the cause is remanded.

CRANDALL, J., and CHARLES B. BLACKMAR, Special Judge, concur.