Nancy LEWIS, Plaintiff/Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant/Respondent.

No. 62794.

Missouri Court of Appeals,
Eastern District,
Division One.

June 15, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 14, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Henry B. Robertson, St. Louis, for plaintiff/appellant.

Ben Ely, Jr., Cheryl A. Callis, Kortenhof & Ely, St. Louis, for defendant/respondent.

AHRENS, Presiding Judge.

Plaintiff, Nancy Lewis,[1] appeals from a summary judgment in favor of defendant, State Farm Mutual Automobile Insurance

---

1. At the time of the collision, plaintiff's name    was Nancy L. Miller.

Company (State Farm), in plaintiff's suit for underinsured motorist benefits. We affirm.

The parties stipulated to the following facts.[2] On January 19, 1988, plaintiff was a passenger in a vehicle driven by Guy Lewis. The Lewis vehicle was involved in an accident with a vehicle driven by Deborah Weber.[3] Plaintiff was injured in the collision. At the time of the collision, Guy Lewis carried an insurance policy with a liability limit of $50,000.00 per person for personal injury; plaintiff settled with Guy Lewis' liability insurance carrier for the full $50,000.00 policy limit. Deborah Weber carried an insurance policy with a liability limit of $100,000.00 per person for personal injury at the time of the collision; plaintiff settled with Deborah Weber's insurance carrier for $50,000.00.

At the time of the collision, plaintiff carried an insurance policy with State Farm which provided for underinsured motorist benefits with limits of $25,000.00 for each person and $50,000.00 for each accident. The policy contained the following language:

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *underinsured motor vehicle*. The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an *underinsured motor vehicle*.
> THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

(Emphasis original).

After plaintiff settled with Guy Lewis' and Deborah Weber's liability carriers, plaintiff filed suit against State Farm for underinsured motorist benefits. State Farm raised the "exhaustion" clause as an affirmative defense and as a basis for summary judgment. The insurer claimed plaintiff was not entitled to underinsured motorist benefits because she had not "used up" all bodily injury liability policies that applied to the accident and had settled with one of the tortfeasors, Deborah Weber, for less than the tortfeasor's insurance limits. The trial court granted State Farm's motion for summary judgment. On appeal, this court reversed and remanded without reaching the issue of whether the exhaustion clause applied. *Lewis v. State Farm Auto. Ins. Co.*, 833 S.W.2d 22 (Mo.App. 1992). After remand, State Farm filed its second amended motion for summary judgment, which the trial court sustained on August 20, 1992. Plaintiff timely appealed.

■ On an appeal from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 at 376 (Mo. banc 1993); *Krombach v. Mayflower Ins. Co., Ltd.*, 785 S.W.2d 728, 729 (Mo.App.1990).

In her sole point, plaintiff asserts she has fulfilled the exhaustion requirement of the policy by recovering the liability limits of the only bodily injury policy that "applies," the policy of Guy Lewis, since she is proceeding only against him. Plaintiff further claims that if there is other applicable insurance, it has been "used up" by settlement of plaintiff's claim against Deborah Weber, even if the settlement amount was less than the policy limit. We disagree.

■ This court has recently construed an identical underinsured motorist provision in *State ex rel. Sago v. O'Brien*, 827 S.W.2d 754 (Mo.App.1992). In *Sago*, we found that under the terms of the insurance contract, the insurer is obligated to pay damages only after the insured demonstrates (1) he or she has received bodily injuries; (2) the injuries occurred as a result of an incident

---

**2.** The parties verbally stipulated to the facts when the case was submitted to the trial court on August 20, 1992, on insurer's second amended motion for summary judgment. On October 26, 1992, the parties filed a written stipulation of facts.

**3.** At various places in the record, Ms. Weber's first name is spelled, "Debra."

involving an underinsured vehicle; and (3) he or she is "legally entitled" to collect from the owner of the underinsured vehicle. *Id.* at 755. For an insured to be legally entitled to collect, there must be a prior, judicially enforceable determination of liability and damages. *Id.* Further, the conditions for underinsured motorist coverage are only met if such damages "*exceed the limits of the existing liability coverages.*" *Id.* (Emphasis added). We read this interpretation to condition an insured's coverage and recovery on the exhaustion of the limits of all bodily injury policies in existence at the time of the collision.

Plaintiff argues the exhaustion clause applies to the "underinsured motor vehicle" referenced in the paragraph immediately preceding the exhaustion provision, and that she therefore fulfilled the exhaustion requirement by recovering the limits of liability of Guy Lewis' policy. Alternatively, plaintiff claims that what policies "apply" is ambiguous, and there is no occasion to consider the other alleged tortfeasor's liability since she is proceeding only against Guy Lewis. Such constructions, however, ignore the plain language of the policy provision, which conditions coverage on the exhaustion of the "limits of liability of *all* bodily injury liability bonds and policies that apply by payment of judgments or settlements." (Emphasis added). Such constructions also ignore the requirement that to effectuate underinsured motorist coverage, there must be a prior determination of damages which "exceed the limits of the existing liability coverages." *See id.* Nothing in the contract language supports plaintiff's contention that the exhaustion provision applies only to one tortfeasor against whom plaintiff might choose to "proceed." We also reject plaintiff's claim that it is unclear what policies "apply."

Plaintiff argues our courts have construed similar exhaustion clauses as satisfied by collection of an amount less than the policy limit, citing *Handleman v. United States Fidelity & Guar. Co.*, 18 S.W.2d

532 (Mo.App.1929), and *United States Fidelity & Guar. Co. v. Safeco Ins. Co.*, 555 S.W.2d 848 (Mo.App.1977). These cases do not control our decision, however, since they concern policy language different from that disputed here and involve the liability of excess carriers, not claims against underinsured motorist policies.

■ Plaintiff further urges us to adopt a position taken by other jurisdictions which have invalidated similar exhaustion clauses as violating public policy.[4] However, such decisions address public policy concerns resulting from statutory underinsured motorist provisions. In contrast, there are no statutory requirements in Missouri for underinsured motorist coverage. *Rodriguez v. General Acc. Ins. Co.*, 808 S.W.2d 379, 383 (Mo. banc 1991). Further, there exists no public policy mandating such coverage. *Id.*

■ Absent a statute or public policy requiring coverage, insurance policies will be enforced as written if unambiguous. *Id.* at 382. We reject plaintiff's contention that the exhaustion provision is ambiguous, read alone or together with the "consent to settle" clause of the policy. We are constrained to follow *Sago*, which construed an identical exhaustion clause to condition an insured's entitlement to collect on proof that the insured's damages exceeded the limits of the existing liability coverages. *Sago*, 827 S.W.2d at 755. Implicit in such a construction, in our view, is the requirement that the insured exhaust the limits of all existing bodily injury policies before he or she is entitled to proceed against the underinsured motorist carrier. Here, the parties stipulated that plaintiff agreed to settle her claim against Deborah Weber for $50,000.00, although the liability limits on Weber's policy were $100,000.00. Accordingly, the summary judgment facts show plaintiff has not met the policy requirement that "the limits of liability of all bodily injury liability bonds and policies that apply

---

**4.** *See New Hampshire Ins. Co. v. Knight*, 506 So.2d 75 (Fla.App.1987); *Mulholland v. State Farm Mut. Auto. Ins. Co.*, 171 Ill.App.3d 600, 122 Ill.Dec. 657, 527 N.E.2d 29 (1988); *General Acc.*

*Ins. Co. v. Wheeler*, 221 Conn. 206, 603 A.2d 385 (1992); and *Allstate Ins. Co. v. Dejbod*, 63 Wash. App. 278, 818 P.2d 608 (1991).

have been used up by payment of judgments or settlements." The trial court properly granted summary judgment in favor of State Farm.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.