STATE ex rel. Samuel Dean
EHRLICH, Relator,

v.

Honorable Gene HAMILTON, Judge,
Circuit Court, Boone County,
Respondent.

No. 76243.

Supreme Court of Missouri,
En Banc.

June 21, 1994.

Rehearing Denied Aug. 15, 1994.

Randall P. Baker, Louis J. Leonatti, Mexico, for relator.

Rex V. Gump, Gary A. Tatlow, Vickie K. Davis, Moberly, for respondent.

THOMAS, Judge.

Relator Samuel Ehrlich filed a petition for a writ of prohibition arguing that venue was not proper in Boone County. Ehrlich contends that plaintiff, David J. Groza, improperly named State Farm Mutual Automobile Insurance Company, his underinsured motorist carrier, as a defendant for the purpose of obtaining venue in Boone County. The Court of Appeals, Western District, denied Ehrlich's petition for a writ of prohibition. We find that the plaintiff improperly joined State Farm. We make our preliminary writ of prohibition absolute except that the respondent shall dismiss the claims against State Farm and transfer the claims against Ehrlich pursuant to section 476.410, RSMo Supp.1993.

## FACTS

On September 8, 1989, David Groza and Samuel Ehrlich were involved in an automobile accident in Randolph County, Missouri. In January 1991, Groza filed a lawsuit in Randolph County naming Ehrlich as the sole defendant. Groza is a resident of Randolph County. At the time of the accident, Ehrlich was a resident of Boone County, Missouri. In October 1991, Groza filed an amended petition naming his underinsured motorist carrier, State Farm Mutual Automobile Insurance Company, as an additional defendant. State Farm requested a change of venue, and the case was transferred to Howard County. In October 1992, Groza volun-

tarily dismissed the lawsuit in Howard County without prejudice.

On April 26, 1993, Groza refiled his lawsuit in Boone County naming Ehrlich and State Farm as defendants. Count I of the petition alleges negligence on the part of Ehrlich and seeks damages. In Count II, Groza asserts claims against State Farm pursuant to the underinsured motorist provision in his policy.[1] At the time this lawsuit was filed in Boone County, Ehrlich resided in Marion County, Missouri. Venue was based on the fact that State Farm had an office in Boone County.

Ehrlich filed a limited appearance, arguing the claim against him should be dismissed because venue was improper in Boone County, or in the alternative, that the action should be severed and the case against Ehrlich transferred to Howard County. The court denied the motion to dismiss and the motion to sever and transfer the cause of action against Ehrlich to Howard County. Instead, the court severed and stayed the underinsured motorist claim against State Farm. Ehrlich sought a writ of prohibition in the Court of Appeals, Western District, arguing that venue was pretensive because Groza's claim against State Farm is premature. The court of appeals denied Ehrlich's petition for a writ of prohibition.

### PRETENSIVE JOINDER

■ The sole issue is whether the joinder of State Farm was pretensive. Venue was based on State Farm's presence in Boone County. Therefore, if the joinder of State Farm was pretensive, then venue in Boone County is improper as to Groza and the case must be transferred pursuant to section 476.- 410. *See State ex rel. Coca Cola v. Gaertner,* 681 S.W.2d 445, 447 (Mo. banc 1984). In *State ex rel. Toastmaster v. Mummert,* 857 S.W.2d 869, 870–71 (Mo.App.1993), the court of appeals, citing this Court's opinion in *Coca Cola,* 681 S.W.2d at 447, correctly set forth the test for pretensive joinder:

Venue is pretensive if (1) the petition on its face fails to state a cause of action against

the resident defendant; or (2) the petition does state a cause of action against the resident defendant, but the record, pleadings and facts presented in support of a motion asserting pretensive joinder establish that there is, in fact, no cause of action against the resident defendant and that the information available at the time the petition was filed would not support a reasonable legal opinion that a case could be made against the resident defendant. *State ex rel. Hoeft,* 825 S.W.2d 65, 66 (Mo. App.1992); *Bottger v. Cheek,* 815 S.W.2d 76, 79 (Mo.App.1991). The standard is an objective one, appropriately denominated as a realistic belief that under the law and the evidence a [valid] claim exists. *Id.*

Groza incorporated by reference and attached a copy of the underinsured motorist provision in his State Farm policy to his petition. This case can be analyzed, therefore, under the first test set forth in *Toastmaster* because we are not required to look beyond the pleadings to determine whether joinder is pretensive. The first test is similar to a motion to dismiss on the pleadings. It looks at the law and the facts set forth in the pleadings to determine whether the plaintiff has stated a cause of action against the resident defendant. If the plaintiff fails to state a cause of action on the face of the petition, joinder is pretensive and the remainder of the claims must be transferred to where venue is proper. *§ 476.410, RSMo Supp.1993.* In contrast to the second test in *Toastmaster,* there is no inquiry into whether the plaintiff had a reasonable legal opinion that a cause of action existed against the resident defendant. The plaintiff must, at a minimum, state a present cause of action against the resident defendant in the petition.

■ Ehrlich argues that Groza did not have a cause of action against State Farm because the language in Groza's insurance policy and the court of appeals' opinion in *State ex rel. Sago v. O'Brien,* 827 S.W.2d 754 (Mo.App.1992), clearly require that an in-

---

1. State Farm's underinsured motorist coverage under this policy is separate and distinct from the uninsured motorist coverage, which involves

different issues. *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713 (Mo. banc 1979).

sured exhaust all applicable policy limits by settlement or obtain a judgment in excess of all applicable liability coverage before State Farm is liable under its underinsured motorist provision.[2] Ehrlich is correct.

The State Farm policy issued to Groza contained the following language in the underinsured motorist provision:

THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

This provision is very similar to the one in In State ex rel. Shelton v. Mummert, 879 S.W.2d 525 (Mo. banc 1994), where we concluded that the insured did not have a present cause of action against the underinsured motorist carrier because there was no settlement or judgment in the underlying action that exhausted all applicable liability coverage. Thus, under the language in Groza's policy, he did not have a present cause of action against State Farm because there was no judgment or settlement against Ehrlich in the underlying action.

Furthermore, Groza had no present cause of action under the court of appeals' opinion in Sago, 827 S.W.2d 754. In analyzing an underinsured motorist provision similar to State Farm's, the Sago court concluded that the insured did not have a present cause of action against her underinsured motorist carrier because there was no prior determination that the defendants were liable and that the agreed or adjudicated damages exceeded the limits of the defendants' liability insurance policy. Id at 755. The Sago opinion, which is consistent with this Court's decision in Shelton, was decided over one year prior to the time Groza filed his petition against State Farm in Boone County.

### CONCLUSION

Under the language of Groza's insurance policy and the court of appeals' opinion in Sago, Groza had no present cause of action against State Farm. We hold, therefore, that the joinder of State Farm was pretensive. Although we need not analyze this case under the second test in Toastmaster, it is clear that based on our holding in Shelton the information available to Groza at the time the petition was filed did not support a reasonable legal opinion that a present cause of action existed against State Farm.

In Ehrlich's motion to dismiss for improper venue, there is no specific request that State Farm be dismissed from the lawsuit. However, in addition to praying for dismissal or severance from the action, Ehrlich also prays "for such other and further relief as the court deems just and proper." Ehrlich had standing to file a motion to dismiss State Farm because venue was based on State Farm's presence in Boone County. Having determined that no present cause of action existed against State Farm, the proper remedy is to dismiss all claims against State Farm.

Accordingly, we make our preliminary writ of prohibition absolute except that the respondent shall dismiss the claims against State Farm and transfer the claims against Ehrlich to an appropriate county pursuant to section 476.410, RSMo Supp.1993.

All concur.

---

2. State Farm's policy requires that all applicable policies be "used up by payment of judgments or settlements" before State Farm will be liable pursuant to its underinsured motorist provision. As we noted in Shelton, it is not necessary in this case to decide whether the policy provision that requires actual payment, as opposed to merely obtaining a judgment in excess of all applicable policy limits, is an enforceable condition precedent to establishing liability under the terms of the underinsured motorist provision.