Holly POLSTON, Plaintiff/Respondent,

v.

AETNA LIFE INSURANCE COMPANY,
Defendant/Appellant.

No. 68358.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 9, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 20, 1996.

Case Transferred to Supreme Court
March 26, 1996.
Case Retransferred to Court of
Appeals Nov. 19, 1996.
Original Opinion Reinstated
Nov. 26, 1996.

Joseph H. Mueller, Robyn G. Fox, Cynthia A. Sciuto, Moser & Marsalek, St. Louis, for appellant.

Joseph M. Willemin, St. Louis, and John T. Hawk, Clayton, for respondent.

AHRENS, Presiding Judge.

Plaintiff, Holly Polston, instituted a declaratory judgment action, requesting the court declare her rights under a policy issued to her deceased husband, Larry C. Polston, by defendant Aetna Life Insurance. The parties submitted cross-motions for summary judgment. The trial court granted plaintiff's motion and denied defendant's. Defendant appeals the trial court's granting of summary judgment to plaintiff, contending the court erred because plaintiff does not meet the requirements of a "survivor" under the insurance policy and therefore is not eligible to receive the survivor income "bridge benefits" under her husband's policy. We affirm.

■■■ On appeal from summary judgment, we "review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review of summary judgment is "essentially *de novo*" and the nonmovant is given the benefit of all reasonable inferences. *Id.* It is unnecessary to defer to the decision of the trial court because summary judgment is an issue of law and the appellate court is presented with the same record as was viewed by the trial court. *Id.*

Plaintiff's decedent was employed by the Chrysler Corporation. Decedent's employee benefits included an insurance policy issued by defendant. Among other benefits, the policy issued by defendant provided for "Survivor Income Benefits." The Chrysler Corporation's employee handbook [1] provides an explanation of survivor income benefits and categorizes them as either "transition bene-

fits" or "bridge benefits." The relevant section of Chrysler Corporation's employee handbook is captioned, "About the Survivor Income Benefit" with the explanation that "[t]his benefit provides a monthly income to your eligible survivors." The section begins by outlining the eligibility requirements and benefit amounts for transition benefits. Next, similar explanations are provided for bridge benefits. Finally the section defines who is an eligible survivor. According to the definition, an employee's spouse is an eligible survivor only if the employee was "legally married to the spouse for at least one year immediately before [the employee's] death." Plaintiff and the decedent were married on September 23, 1989. Decedent died approximately three weeks later on October 14, 1989.

The "Transition Benefit–Eligibility" subsection specifically requires that in order to be eligible to receive the transition benefit a spouse who survives the decedent must "[meet] the definition of survivor." Because decedent died only three weeks after marrying plaintiff, plaintiff does not meet the definition of "eligible survivor." For this reason, plaintiff is ineligible to receive transition benefits.

Although plaintiff made no claim for transition benefits, she did contend she is eligible to receive bridge benefits. Plaintiff reasons that because the eligibility section for bridge benefits does not expressly require a surviving spouse to be one "who meets the definition of survivor" [2] there is no such requirement for bridge benefit eligibility. On appeal, defendant argues the definition of "survivor" implicitly applies to the bridge benefits provisions of the policy. Thus, plaintiff is also ineligible to receive bridge benefits.

■■■ "Absent a statute or public policy requiring coverage, insurance policies will be

---

**1.** Chrysler Corporation's employee handbook is incorporated into the insurance policy issued by defendant. References to the "Survivor Income Benefits" section of the handbook will be treated as references to the actual insurance policy.

**2.** Chrysler Corporation employee handbook p. 9:

Bridge Benefit—Eligibility.
This benefit is paid only to your surviving spouse. When you die, the surviving spouse must be at least age 45 or his or her age (to the nearest ½) combined with your years of credited services under the Pension Plan must equal at least 55.

788

enforced as written if unambiguous." *Lewis v. State Farm Mutual Automobile Insurance Co.,* 857 S.W.2d 465, 467 (Mo.App.1993). Although neither party contends the language of the policy is ambiguous, we find ambiguity in the terms used and the format of the relevant policy section. Ambiguity occurs when the language of an insurance policy reasonably and fairly is open to different constructions. *Standard Artificial Limb, Inc. v. Allianz Insurance Co.,* 895 S.W.2d 205, 209 (Mo.App.1995). Ambiguity arises when there is "duplicity, indistinctness, or uncertainty in meaning." *Id.*

 Defendant interprets the policy to apply the definition of survivor to all survivor income benefits. Defendant relies on the placement of the definition after the bridge benefit provision and the designation of the bridge benefit as a "survivor income benefit" as the basis for its construction of the policy. The general rule is that definitions in an insurance policy are controlling as to the terms used within the policy, especially when the policy definitions differ from the ordinary definitions of those terms. *Shaffner v. Farmers Mutual Fire Insurance Co. of St. Clair County,* 859 S.W.2d 902, 907 (Mo.App. 1993). "[A]bsent language to the contrary, a word or phrase in one part is presumed to have the same meaning when it is used in another part of a policy." *Id.,* citing *Hartford Accident & Ind. Co. v. Case Foundation Co.,* 10 Ill.App.3d 115, 294 N.E.2d 7, 13 (1973) (other citations omitted). Applying these rules to the facts of the case could result in a finding that the definition of "survivor" applies to bridge benefits and thus plaintiff is not an eligible beneficiary under the bridge benefits provisions.

However, in this instance, the drafter's intent to apply the definition throughout the policy is not so certain. The only reference to the definition appears in the transition benefit provisions where any spouse of the insured is required to meet the definition of "survivor" before that person may benefit under the policy. The bridge benefit provisions, on the other hand, make no reference to the definition. Plaintiff construes this omission to mean the drafters did not intend that the definition apply to bridge benefits.

Arguably, had the drafters intended that the definition apply to bridge benefits they would have included similar language in those provisions. The fact that they did not supports plaintiff's construction of the policy.

 The parties have demonstrated two reasonable yet contradictory interpretations of the survivor income benefits provisions. As a result of this duplicity and uncertainty of meaning, we find these provisions to be ambiguous. In the interpretation and construction of insurance policies, any ambiguities must be construed against the insurer. *Peters v. Employer's Mutual Casualty Company,* 853 S.W.2d 300, 302 (Mo. banc 1993). Therefore, we find the definition of survivor does not apply to the bridge benefits provisions. The trial court properly granted plaintiff's summary judgment motion. Judgment affirmed.

PUDLOWSKI and GRIMM, JJ., concur.