13 P.3d 655 (2000)
103 Wash.App. 557
In the Matter of the ESTATE OF Robert Eugene GARDNER, Deceased.
Ian Alexander Gardner; Kaile Ann Gardner; Brian Scott Gardner, Appellants,
v.
Donna Cook Gardner, individually and as Personal Representative of the Estate of Robert Eugene Gardner, Respondent.
No. 18926-1-III.
Court of Appeals of Washington, Division 3, Panel Six.
November 28, 2000.
*656 Richard F. Monahan, Roach, Monahan & Lowry, Walla Walla, for Appellants.
James K. Hayner, Minnick-Hayner, Walla Walla, for Respondent.
SWEENEY, J.
This is a dispute between a widow and the children of her deceased husband's first marriage over the proceeds of a pension governed by the Employee Retirement Income Security Act (ERISA). The trial court entered a declaratory judgment in favor of the surviving widow. We affirm.

FACTS
Robert E. Gardner and his first wife, Deirdra, married in 1966 and had three children, Ian, Brian, and Kaile. They lived in North Carolina. Robert designated Deirdra as primary beneficiary of his ERISA-governed Teachers' Insurance Annuity Association and College Retirement Equities Fund (TIAA-CREF) retirement pension. The children were designated residual beneficiaries. Robert and Deirdra separated and divorced under North Carolina law in 1991.
Their separation agreement released each party and his or her heirs and assigns "from all causes of action, claims, rights or demands whatsoever, at law or in equity, which either of the parties ever had or now has against the other, known or unknown...." Each party renounced and forever relinquished "any marital interest or right of any type in either real or personal property owned by the other party," under the North Carolina marital property distribution statute or any other state or federal law involving division of property acquired during marriage.
The separation agreement contains a mutual waiver of any right to "assert a statutory share or distributive share in the estate of the other," or to "make any assertion of dower or curtesy in the property of the other." It binds the heirs, next of kin, and assigns of both parties. The agreement was incorporated into the dissolution decree.
*657 The parties agreed to execute all necessary documents to effect their intentions. The agreement provides for attorney fees to the prevailing party in the event of a breach.
Robert made Deirdra and the children the beneficiaries of a life insurance policy so long as the children were dependent. They collected the proceeds of that policy when he died.
Robert contacted TIAA-CREF and asked how to change his beneficiary in January 1991. TIAA-CREF sent him a form.
Robert moved to Walla Walla, Washington, and took a teaching post at Whitman College. He married Donna Cook in 1992. Robert died in 1996. He was fully vested in the pension, but had not yet retired at that time.
In 1997, Donna found a copy of the TIAA-CREF change of beneficiary form signed and dated October 1993 among Robert's papers. She verified his signature and submitted a claim for 100 percent of the pension as the surviving spouse.
Neither TIAA-CREF nor Whitman College had ever received the change of beneficiary form. The three children of Deirdra and Robert claimed 50 percent of the pension proceeds as residual beneficiaries under the original designation.
TIAA-CREF took the position that ERISA rules entitled Donna to 50 percent as surviving spouse, the remaining 50 percent going to Deirdra as designated beneficiary. The pension administrator deposited the funds with the court. Donna petitioned the superior court for a declaration of her right to 100 percent of the pension. The children asserted Donna was entitled to no more than 50 percent.
Donna testified by affidavit that Robert assured her he was changing the beneficiary on his TIAA-CREF account. This was in response to her concern about her ability to pay for their new home if Robert died.
The court found that Robert intended Donna to have the pension, that Deirdra and the children had been adequately provided for, and that Robert had substantially complied with the necessary procedure to effect a change of beneficiary. The court based all of this on affidavits and other documentary evidence. The court awarded Donna 100 percent of the pension proceeds.

DISCUSSION
The children urge review as a summary judgment motion by Donna, with all evidence viewed in a light most favorable to themselves as the nonmoving party. However, the trial court states in its findings of fact that this was a hearing by affidavit on a motion for declaratory judgment. A decision based on affidavits is a decision on the merits and is ordinarily not treated as a summary judgment motion on appeal. Brouillet v. Cowles Publ'g Co., 114 Wash.2d 788, 793-94, 791 P.2d 526 (1990). Moreover, the court entered findings of fact. Summary judgment is precluded by any disputed material fact. Concerned Coupeville Citizens v. Town of Coupeville, 62 Wash.App. 408, 413, 814 P.2d 243 (1991). This is a declaratory judgment on affidavits, and the question before us is one of law. Our review is de novo, and the record is not viewed in a light favorable to either party. Brouillet, 114 Wash.2d at 794, 791 P.2d 526.
The children assert that their status as residual beneficiaries under a 30-year-old designation entitles them to 50 percent of the pension. But they ignore changes in federal law, changes in the Whitman pension plan, the wishes of their father, the acquiescence of their mother, the order of the North Carolina court, and the fact that the primary beneficiary under the old designation is not dead. They concede that federal ERISA regulations assure the surviving spouse at least 50 percent unless she consents to a waiver of her interest. They contend, however, that the remaining 50 percent goes to themselves as designated residual beneficiaries.
ERISA. By definition, the surviving spouse is the person who is married to the pension plan participant at the time of death. Ross v. Ross, 308 N.J.Super. 132, 705 A.2d 784, 793 (1998). Under ERISA, only two methods exist for a pension plan participant to designate a beneficiary other than his surviving spouse. One is to obtain the written *658 consent of the surviving spouse to waive her interest in a portion of the benefit. 29 U.S.C.A. § 1055(c)(2). The other is for the former spouse to obtain an assignment of a portion of the pension as part of a property settlement or other family court judgment. The judgment must be in the form of a qualified domestic relations order (QDRO). 29 U.S.C.A. § 1056(d)(3)(A); Estate of Altobelli v. Int'l Bus. Machs. Corp., 77 F.3d 78, 81 (4th Cir.1996) (citing cases in accord from 7th, 8th, 10th Circuits); Ross, 705 A.2d at 793.
As first enacted, ERISA's anti-alienation provision afforded no way for non-employee spouses to recover pension benefits upon the death of the employee spouse or upon divorce. In 1984, Congress amended ERISA with the Retirement Equity Act (REA), and created an exception to the anti-alienation clause so that an ERISA employee-spouse can direct his or her benefits to a former spouse. 29 U.S.C.A. § 1056(d)(3)(K); In re Marriage of Nasca v. PeopleSoft, 87 F.Supp.2d 967, 969 (N.D.Cal.1999).
When a proper waiver of interest by a spouse in a plan is incorporated by a state court into a judgment, it will be enforced. See, e.g., Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown, 897 F.2d 275, 279 (7th Cir.1990). In Fox Valley, the wife was designated beneficiary of the husband's ERISA-governed pension. As part of their marital dissolution property settlement, each waived all claims to any pension plans of the other. They continued to live together after their divorce. And the husband did not change his designated beneficiary. Accordingly, the ex-wife attempted to have the death benefit paid to her instead of the husband's statutory heir. The court ruled that the waiver nullified the wife's status as designated beneficiary.
The court observed that several methods were available to secure the wife's interest in the benefits if that was the couple's intent. They could have executed a QDRO. They could have omitted mention of the pension benefits from the marital property settlement. The husband could have redesignated his ex-wife as beneficiary. Instead, they jointly agreed to waive all interest in each other's pension plans. The waiver was given effect. Fox Valley, 897 F.2d at 281.
Washington Law. Washington law is in accord with the federal courts on this question.
By statute, spouses named as beneficiaries of ERISA plans automatically lose that designation upon dissolution of the marriage. RCW 11.07.010(2)(a) creates the legal fiction that a divorced spouse predeceased the pensioner. Any previous designation of the divorced spouse as beneficiary is void. The fact that the former spouse remains the designated beneficiary does not change this. In re Estate of Egelhoff, 139 Wash.2d 557, 565, 989 P.2d 80 (1999), cert. granted, ___ U.S. ___, 120 S.Ct. 2687, 147 L.Ed.2d 960 (2000). The interest of a former spouse is preserved only by a QDRO. Egelhoff, 139 Wash.2d at 577-78, 989 P.2d 80.
The children acknowledge that the primary designated beneficiary is their mother, but contend that the legal fiction that their mother predeceased their father creates the corollary legal fiction that they, as residual beneficiaries, are elevated to primary beneficiary status with a claim superior to that of the surviving spouse.
Robert's designation of beneficiary ceased to be effective when the marriage to Deirdra was dissolved. This creates no conflict with North Carolina law because the court there divided the property so as to give Robert the sole interest in his federal pension. Donna never waived her right to any of her interest.
The children rely on Art Builders Profit Sharing Plan v. Bosely[1] for the proposition that beneficiaries designated before REA was enacted retain their beneficiary status without the consent of the current spouse. Art Builders is distinguishable for two reasons. First, it arose during the transition between the pre-REA and post-REA schemes and interprets transitional provisions. Second, the children in Art Builders were themselves the designated beneficiaries. Here, the children were merely the residual *659 beneficiaries. They remain residual beneficiaries.
Deirdra's waiver of rights to the pension was valid. Moreover, Washington community property law gives Donna full rights to all the pension funds because contributions have been made out of community funds since 1992. In re Estate of Bellingham, 85 Wash. App. 450, 454, 933 P.2d 425 (1997) (term life insurance takes on character of funds used to pay most recent premiums).
We resolve the issue under federal law. Because of our disposition, we need not consider the children's alternative theories of substantial compliance, deadman's statute, intestate succession, and Washington community property law. Crosby v. Spokane County, 137 Wash.2d 296, 313, 971 P.2d 32 (1999); see Egelhoff, 139 Wash.2d at 579, 989 P.2d 80. None of the state issues and claims affect Donna's rights under ERISA and the REA.
We affirm the judgment of the superior court.
KURTZ, C.J., and SCHULTHEIS, J., concur.
NOTES
[1] 649 F.Supp. 848, 851 (D.Md.1986).